Your Honor, case number 20-1212, Northern Iowa, United States v. Alicia Mofle. Mr. Schall. Good afternoon, Your Honor. Good afternoon. You may proceed. Your Honors, and may it please the Court. My name is Connor Schall and I represent the petitioner and defendant, Ms. Alicia Mofle. If I may, I would like to reserve three minutes for rebuttal. Thank you. This afternoon's case is about protecting the only available avenue for those affected by retroactive sentencing guidelines. For three reasons, this Court should vacate and remand the District Court's finding that Ms. Mofle's 2019 motion was untimely. First, there is no jurisdictional bar to successive 3582C2 motions. Second, any timeliness bar in this case is improper. First, because Ms. Mofle's original motion was never decided on the merits. Second, the government waived any timeliness argument. And third, a timeliness bar here violates federal rule of Criminal Procedure 57B. Third, on the merits, Ms. Mofle is eligible for Amendment 782 relief because she provided substantial assistance. For these reasons, this Court should find that Ms. Mofle's successive 3582C2 motion was appropriately before the District Court and that Ms. Mofle is eligible for Amendment 782 relief. Ms. Mofle was originally sentenced in 2013 prior to Amendment 782. Her original base offense level, to keep things simple, was 34. And this corresponded to a guideline range of 360 months to life imprisonment. However, after drugs minus two, her base offense level was reduced to 32, which corresponds to an amended guideline range of 292 months to 365. This reduction, however, was ruled to be ineligible in a sua sponte 2015 motion by Judge Bennett. And Judge Bennett essentially relied on the applicable policy guidelines found in 1B110B2A, which state that if the original sentence was below the amended guidelines, then the prisoner is not eligible for Amendment 782 relief. However, there's an important exception that the government, excuse me, that the Court aired in B2B. And B2B says that if the original reduction was based on, was pursuant to a government motion based on substantial assistance, then the prisoner is eligible for Amendment 782 relief. However, the district court ruled sua sponte and said that Ms. Mofle was ineligible, and thus her case was never heard on the merits. Well, counsel, it wasn't appealed either, right? No appeal. Correct, Your Honor. It was never appealed. To what extent does that end the case? It does not end the case at all, Your Honor, because it was a sua sponte motion, and any juris, non-jurisdictional bar here, any timeliness aspect of it should be a claims processing rule that's flexible. So there's no federal rule of appellate procedure to rely on here because the case wasn't appealed, and instead a successive motion was then brought. And that successive motion should be allowed to be heard regardless of being 14 days after it. The reason it should be 14 days after it is it's non-jurisdictional. So there's no aspect here in the case that 3582C2 motions can't be brought up once an original motion is denied. So despite Ms. Mofle not bringing it up, Your Honor, when she brought it up, excuse me, when she brought it up then in 2019, the district court was allowed to hear it despite it finding it untimely. It relied on several circuits that have split on this issue regarding timeliness. Every circuit to consider it has found no jurisdictional bar, so the district court relied on a non-jurisdictional bar. What about law of the case, counsel? There's at least two circuits, 6th and the 11th circuit, that have said, look, when you bring it up on the same grounds, it's the same criminal case. And so if you've decided once it's become final, as Judge Benton mentioned, you can't bring up the same grounds again. It's law of the case. Not if you made a mistake, Your Honor. In the 11th circuit, in the cases of United States v. Hernandez, that establishes this split that we're asking you to adopt or this dichotomy, I should say, that we're asking you to adopt of on the merits versus just a procedural denial. Even if it's on the merits and the court relied on law of the case, it's not the same issue that's being heard, and it's not the same court that's making this ruling. So a lot of the 6th and 11th circuit cases that have found this have ruled that law of the case may apply to on the merits and may apply to a procedural denial. But nonetheless, if the same issue isn't brought up, which this issue never was, and if there's egregious error, which there would be in this case. In this case, there's particular error because Judge Bennett in 2019 wrote a letter in July of that year saying that if he was incorrect, that she was eligible for Amendment 782 relief, he would have granted her the relief. So the aspect really turns on prong one of the Dillon factors in that she is eligible for this relief. How is this not the same issue though? I mean, are you really drawing that fine of a distinction? I think what you're going to tell me is no one argued the exception, but that the failure to argue something is not an exception to the law of the case. Well, no one fit, excuse me, no one did bring up the exception in the sua sponte motion or in it. Additionally, with the law of the case, the application of it is that it's inapplicable because the district court's 2015 motion was clearly wrong. It would work a manifest injustice. It's asking a pro se prisoner and litigant to go back in time, um, to essentially figure out a circuit split that hadn't developed yet. Um, it's asking her to rely on a DOJ letter that hasn't been, um, put into contention yet because the letter wasn't clarified until 2019. And because of these new arrivals, the law of the case doctrine certainly does not apply. Um, the law of the case. Oh, go ahead. I didn't figure it out. Go ahead. The law of the case doctrine is one of the most flexibles with the common law approach that it's to ensure equitability. And here there, it would be completely inequitable to, you know, rely on this, um, doctrine to hold up again, a pro se litigant who's in prison when the sua sponte motion was issued to know that she only has 14 days to rely on it. She's not barred from it because there's new factors that have come up essentially. And in the last, sorry, go ahead. Yeah. One last question. United States versus the Anderson. Um, I know you are arguing the point, but United States versus Anderson, regardless of what judge Bennett may have said in his letter. And I, and I have read that letter, um, seems to suggest that maybe what the district court did here, uh, originally judge Bennett may not have been clearly erroneous. There's a circuit split on that. And we seem to have sided on the circuits side of the circuit split that may not be helpful to your client. What's your response to that? My response to that your honor is that a clarification point, the United States for Anderson, are you talking about the eighth circuit case? I assume. Yeah. The eighth circuit case, but I should have been more specific. No, that's fine. But, um, the eighth circuit case in United States v Anderson was never challenged on this ground. Um, the ninth circuit made a good point and United States BDM and clarifying that the eighth circuit has not sided, um, with one way or another and judge strand and the district court found the same, um, here, the, the circuit split issue, um, which is the real merits of the case. United States v Anderson never got to that. Um, United States v Anderson was challenged to this court on constitutionality grounds that essentially said the sentencing commission and, uh, um, guidelines that it promulgates is constitutional. It never brought up that distinction between whether a reduction because of substantial assistance should be different than a reduction based on the book or variance factor. So I still think this is a new issue before the eighth circuit and it hasn't ruled on it. And the reason that the eighth circuit should rule in favor of my client, your honors is that, uh, the DOJ letter really says that there is no, um, slicing and dicing of the reduction that it originally has is if we look at the plain text, um, starting in B2B, um, of the sentencing guidelines, we see that, um, the, the Texas is fairly clear that the comparable reduction is the entire reduction that it gets. It's not just part of it or some part of it, um, that would raise substantial amounts of litigation and confusion and trying to figure out what the district judge was originally deciding in that. Uh, so the district judge in this case was clear. Judge Bennett was fortunately, um, you know, it was 130 some page sentencing transcript and the judge was very clear that 20% of the reduction was five K. Um, and about 41% of that reduction was Booker variance factors, um, which are, uh, mitigated in this case. Uh, however, before we leave that on behind you and judge Strauss, my Anderson case is 11th circuit case, which you say there's an eighth circuit Anderson case. Yes, your honor. The eighth circuit case is United States Anderson from 2012. Is it in the briefs? It's not in any of the briefs. I didn't cite it because of that. The difference that it relied on a constitutional ground. Um, when I listened to the oral argument, they were very clear that, um, the judge, the district judge wasn't constrained by the B2B, but United States be Anderson in the 11th circuit from 2014 deals. But don't tell me about that. I'm confused enough from following our law. So proceed with your argument. So essentially your honor, there's, um, three main reasons why the court should rule in favor of Ms. Moffell. Uh, Ms. Moffell brought her successive motion, bringing up these issues that are new before this court. Um, there's no jurisdictional bar to successive 3582 motions, a non-jurisdictional timeliness bar isn't applicable in this case. Um, mainly because the government waived it. Um, but, but also because it would violate federal of criminal procedure 57 B. And, um, despite that her, her issue was never heard on the merits. Um, so addressing a possible floodgate counter argument to our argument, um, based on, on data that's been released by the sentencing commission in 2016, very, um, near the 2014 retroactive guideline. That's that issue here. There'd only be approximately 200 cases or United States that would be open to this type of successive motion. A defendant can see that there has to be some timeliness bar to ensure finality. Um, however, the timeliness bar cannot be one as inequitable as it is here. For that reason, there shouldn't be a non-jurisdictional. Um, and, and last but not least Ms. Moffell is eligible as, as the DOJ has recently conceded in a 2019, um, filing before the sentencing commission. Um, it's clear that she's entitled to both the pro rata reduction, um, that she was entitled to, which would be two and a half years in this instance. And that's, that's a huge difference between, um, what the time she's served already. Thank you, your honors. And I'd like to preserve the rest of my time for rebuttal. Well, thank you, Mr. Shaw. Court will hear from the government. May it please the court. Uh, my name is Shawn Wade. I'm an assistant United States attorney with the Northern district of Iowa, uh, representing that, uh, that jurisdiction. This case involves, as you already know, uh, an attempt to reduce a 168 month sentence for Ms. Moffell, a sentence that, uh, during the sentencing process, the guidelines went as high as, uh, they subsequently reduced to 288 months with a substantial assistance motion and finding. And then I, and down to 168 months with, uh, uh, finding in regards to a variance and the upward, uh, analysis up to 360 involved three different, uh, upward adjustments for some egregious conduct also discussed by the court. Uh, I know this is a largely procedural, um, appeal, but I, I must open with that. This has been a case that I have been on since the inception. I was initially involved in the, uh, initiation of, uh, in, in contact with officers on control buys and the, uh, search warrant execution at defendant's house. Uh, and therefore, uh, I have, uh, great understanding of all the egregious factors, uh, aggravating factors, as well as mitigating factors that were discussed all the way up through sentencing, uh, in this particular case. Um, this case, the crux of the issue is whether the defendant who, uh, missed filing, you know, substantially missed filing deadlines, um, should be allowed an untimely filing of her motion to reduce her sentence under 30 or second motion, uh, under 3582 C or relief. Um, the district court addressed kind of the procedural analysis of this case. Initially, it was sui sponte considered by, uh, judge Bennett in March of 2015 and denied, uh, what eight months was not appealed by the defendant. Eight months later, uh, she filed a pro se motion, um, which was, uh, then her, uh, ruled on in January of 2016, um, and, uh, was denied. Then that wasn't the introductory pro se introductory appeal to this court denied all within about a month. Uh, and then, um, we have the, uh, defendant filing the second motion for reductions before this court now after being before the district court council, the 2016 was affirmed by this court, correct? That is correct. And the, uh, filing in July of 2019, the, uh, second acknowledged to be the by the defendant of 3582 C relief and acknowledged to be essentially the same, uh, sought relief. Um, district court denied the defense motion. The government is asking this court to affirm that, uh, after an analysis of the process, um, and, and acknowledgement of the 3582 C implied, uh, prohibition against a lot of modifications or indefinite modifications, uh, of sentence and interest of finality and, and looked at the timeliness factors and essentially said, and I quote, it's far too, it's far too late to seek reconsideration, uh, of the sentence in this case. Um, didn't the district court though, I have to do a little bit of gymnastics to get there. And what I mean by that is by treating the success of motion as a motion for reconsideration. And then saying, Oh, it has to be filed within 14 days. Just like an appeal that would not have my first instinct in treating the success of motion. Yeah, I think the district court, and as you've obviously well aware of it, uh, did do some gymnastics there. The court did go through the analysis, uh, and basically looked at some general eighth circuit law regarding, uh, reconsiderations of motions for reconsiderations or rulings regarding reconsiderations and essentially found after that analysis, uh, looks to be correct, uh, the government's perspective, obviously that, uh, the defendant's motion, birthday motion here in July of 2019 is essentially analytically analogous to a motion for a reconsideration. It's for the same grounds. Uh, and it's, and therefore, uh, it does make reference to the court district court does to the 14 day appellate rights section. Um, but then talks that eight months or three plus years, either way you go is well beyond any, uh, 14 day section. Um, court didn't really deal with it, but there are some other cases and it's consistent with some 2255 filings of if there is some reasons for a delay, uh, there are short delays that are allowed. I think the May case even talks about, uh, the possibility of up to 30 day extension for those but it has to be specific to specific reasons for largely incarcerated inmates. But no matter what timeline you use in regards to that, it's, uh, as the district court found, it is far, far delayed in this particular case. Uh, and when you look at the interest of finality and you look at the interest, uh, the, the, the intent of 3582C, uh, to not have a constant manipulations or I think the district court was accurate and, and, and pretty poignant in how it made the finding of a motion for reconsideration in this particular case as to what it really was. Um, or looked at, you know, consider both the original sua sponte order, but it kind of went also down the line and said, even if you consider the pro se, uh, filing eight months later, uh, and then look towards the delay after that, it's, you know, three plus years, uh, three plus years plus eight months from the original ruling by the district court that, uh, was then subsequently reaffirmed by the district court and then affirmed by this court, um, in, in 2015 and into 2016. Um, the defense does raise, um, an argument that, uh, the government waived a non-jurisdictional challenge in this case, um, because it didn't raise the, allegedly didn't raise the timeliness argument. Uh, our, our, we are, uh, adamant that the government did not waive any timeliness argument. Um, the government argued with right before the district court at docket 161 and in its response to the original July 9th, 2019 ruling, the defense should not be allowed second or successive, uh, 3582C motions, um, based on the same guideline amendment. And that's largely our second argument in our brief, but, uh, you cited both jurisdictional and non-jurisdictional cases and reasons, uh, no matter how characterized by the defense, uh, this does not constitute a waiver. There's no clear waiver in this case. Specifically, uh, we cited the Randall case, which is essentially the core case of our, uh, position. It's also a case cited by the defense in, uh, their reply brief to our response originally, uh, before the district court and the district court used Randall as well as some other cases in regards to its finding. Um, alternatively, this court can affirm, uh, on any ground supported, uh, by the, uh, record in this case, uh, as we've also cited in our brief, and we believe the record does show that, uh, there is support for a denial as untimely or a substantially untimely in this case. Um, also cites a number of cases, um, where, uh, the, uh, the government was found have waived the, uh, timeliness or non-jurisdictional issues, but those were clear. I mean, in Trujillo, Weatherspoon, even in May itself, uh, there were clear findings, clear acknowledgments on the waived a non-jurisdictional bar in those particular cases, uh, particularly, uh, in May, it does talk about how there, there is, uh, that, that, so they don't have to reach that, but they also discuss, um, that it, that the non-jurisdictional bars are applicable, uh, if the, uh, turning to, uh, government's second argument, um, as the court stated in Dillon, the Supreme Court in Dillon and the district court in this case, 3582C is a narrow exception to the rule of finality of sentences, uh, of individuals convicted of crimp offenses with a focus upon judicial efficiency and finality of judgment. Um, although this court hasn't direct, directly, uh, addressed the issue other circuits have, and we do acknowledge that there is not a preclusion on jurisdictional grounds for a second successive, but that, uh, we're asking the court to follow the language and the reasoning of main circuit, uh, Beard or Baird in the, um, seventh circuit and Randall in the 10th circuit, uh, as persuasive and consistent with present principles of judicial efficiency and finality, um, uh, and allow them to be to a non-jurisdictional bar, uh, in a case such as this, we have such a substantial dilatory, uh, delay in filing of a reconsideration, uh, or a rehash of the same issue. Uh, Randall involved in eight, eight month delay also sites that case from the seventh circuit read, which has involved a 10 consideration. Um, Baird focused on a rule 35 analysis, kind of an untaught alternative analysis. Um, uh, but says without a new change to the guidelines, district court has no power to revisit the sentence. Uh, may also looked at it, although noting that the non-jurisdictional aspect was waived, um, that, uh, that there's a prohibition by implication of 3582 C against, uh, uh, rehashing of these types of motions. They are non-juris, therefore non-jurisdictional, uh, based, but therefore waiveable. Um, other circuits have dealt with it on the, I think it was raised, uh, you have a judge Strauss that, uh, law of the case doctrine, the district court in this case did some of analysis, like a preliminary analysis of the, of the, of those options, and then came down on the timeliness grounds. Um, but, uh, there is also a claims processing as discussed in green law. The case is discussed in Anderson and Calton. Um, and, uh, I guess a rule 35 analysis as well on Phillips that, uh, where other circuits have dealt with the issue in other ways, but all dealing with, uh, a prohibition or a line in the sand as to which you cannot file something afterwards and still get relief. Uh, we would ask that the court affirm the district court on the timeliness grounds, um, and, uh, as found by the district court and as reasoned by the district court and alternatively, uh, consider binding and ruling that, uh, 3582Cs, uh, there's a prohibition, uh, of a second or successive on the same amendment as is in this case, uh, consistent with the reasoning of May, Baird, and, um, Mr. Randolph. The court doesn't have any other questions. Uh, uh, my argument to the court. Hearing none. Thank you, Mr. Wade. Mr. Shaw, your rebuttal. Thank you, your honors. Three main quick points. First, there's not an implied prohibition on successive 3582C motions. Uh, this type of language stemmed out of the court cases, the government sites. Uh, however, those own circuits have clarified in recent holdings that the implied prohibition extends from getting a second bite at the apple that when the apple remains the same, um, when the apple changes due to other circuit developments, when the apple changes, uh, due to Supreme court cases, then a second bite is permissible. Then the implied isn't the same. Um, particularly we'd like to direct the court, uh, to a similar area of law and 3582C2 motions, um, which is the plea plea hearings, essentially of 111C, um, before the Supreme court's case of Hughes, uh, a 3582 motion would have been invalid under those, under that, under that procedure for those sentenced with 11C. However, the Supreme court in Hughes said that they are eligible for retroactive sentencing despite being sentenced with 11C1. Thus, after Hughes, a 3582 motion would have been unsuccessful. Very, very similar to the case we have here in that the sua sponte motion, which judge Bennett was clear was clearly, um, denied because Ms. Mothel's original sentence was below her amended guideline. It wasn't because he understood the distinction. Um, and in his 2019 letter, there was no understanding of such. It was simply that he, he just got the raw law wrong because he didn't consider the exception in B2B. My second point is to distinguish Randall, the 10th circuit case. Um, it wasn't enough to, um, motion to reconsider raised and thus it was waived at the district court level in 2019. Randall essentially turned on the fact that the retroactive sentencing guideline in that case was based on an amendment that wasn't retroactive. Um, so in that case, it's very distinguishable than the one we have here. Amendment 782 is definitely retroactive, um, as promulgated by the sentencing commission and amendment 788. And third and finally, the intent of 3582 and amendment 782 is remedial action. It's a rarity. Um, defendant concedes that it should be used. Um, it should be used sparingly by district courts, but however, it's not a traditional, um, mandatory claims processing rule as Eberhardt, um, pointed out, the Supreme court pointed out, uh, because it's not appellate. Um, it's not, it's not saying that Ms. Moffill couldn't have appealed within a certain timeline or that she missed an appellate deadline to appeal. Um, it's simply a non-jurisdictional flexible claims processing rule. And the seventh circuit has started to go down this line, but this is developing case law for, for these three reasons, because there's no jurisdictional, there's no timeliness bar. And because Ms. Moffill is eligible, we, we asked this court to vacate and remand the district court's finding that her motion was untimely. Thank you. Thank you, Mr. Shaw. Court appreciates both of your appearances today and your arguments and briefing cases submitted. Well decided new course.